UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 01-30043-04 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHRISTOPHER DAVIS | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Pending before the Court is a letter motion filed by Defendant Christopher Davis ("Davis") [Doc. No. 545]. Davis moves the Court to order the Bureau of Prisons to credit him with time served on his federal sentence and order his immediate release. Davis contends that he only admitted in this Court to committing the new offense of taking contraband to/from a penal institution because his pending state court charges were supposed to be dismissed.

Davis was originally convicted in this Court of conspiracy to distribute crack cocaine. While on supervised release, on March 9, 2012, he allegedly committed the new offenses of possession of cocaine with intent to distribute, illegal parking, not in possession of a driver's license, and resisting arrest. As a result, the United States Probation Office filed a petition seeking the revocation of his term of supervised release. The petition was later amended to add the new charge of taking a cell phone (contraband) to and from Richland Detention Center.

On August 20, 2012, the Court held a hearing on the petition and amended petition to revoke Davis' supervised release. At the hearing, Davis admitted guilt to violating his supervised release by committing the new offense of taking contraband to/from a penal institution. The Court sentenced Davis to serve a total term of 18 months imprisonment.

Davis was then returned to state custody. From the state court record, it appears that on April 25, 2014, Fourth Judicial District Court Judge Benjamin Jones granted a motion to suppress on the charges arising from the March 9, 2012 arrest. However, a hearing is set for May 22, 2014, on the State's motion for reconsideration. As of this date, Davis remains under a federal detainer, but has not been released from state custody. Until Davis has been released from state custody, his federal sentence will not be calculated.

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Davis has not been received in the custody of the BOP. Therefore, he cannot have addressed this issue with the BOP, and he certainly cannot have exhausted his remedies through the BOP. Once he has exhausted his remedies with the BOP, if Davis is not satisfied with its determination, he can file a section 2241 petition in the appropriate district.

The Court notes that, **if** the State's motion for reconsideration is denied and the State dismisses the charges against Davis, the Court anticipates that the BOP will credit him for time

he has spent in state custody. The Court would have no objection to his receipt of this credit. However, at this time, the Court does not have the authority to grant Davis the relief he seeks. Accordingly,

IT IS ORDERED that Davis's letter motion [Doc. No. 545], which the Court construes as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is DENIED AND DISMISSED WITHOUT PREJUDICE to Davis's right to re-file in the proper court after he has exhausted his administrative remedies.

MONROE, LOUISIANA, this 13th day of May, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE