UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 01-30043-04 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CHRISTOPHER DAVIS | MAGISTRATE JUDGE HAYES |

## RULING

Pending before the Court is a motion to vacate, set aside, or correct sentence filed by Defendant Christopher Davis, pursuant to 28 U.S.C. § 2255. [Doc. No. 547]. For the reasons set forth below, the motion is **DENIED**.

### I.     PROCEDURAL BACKGROUND

On December 19, 2001, a federal grand jury returned an indictment charging Defendant with conspiracy to distribute fifty grams or more of cocaine base, possession of cocaine base with intent to distribute fifty grams or more, and possession of a firearm in relation to a drug trafficking crime. [Doc. No. 1]. On May 13, 2002, Defendant pled guilty to conspiracy to distribute cocaine base, and the Government, in turn, agreed to dismiss the remaining charges. [Doc. Nos. 175, 176, 248]. On August 12, 2002, the Court sentenced Defendant to 138 months of imprisonment and 5 years of supervised release. [Doc. No. 247]. On March 4, 2008, the Court reduced the 138 month sentence to 120 months, pursuant to 18 U.S.C. § 3582(c)(2). [Doc. No. 352].

After completion of his term of imprisonment, Defendant began serving a five-year term of supervised release. On March 9, 2012, while he was on supervised release, the Monroe Police

Department arrested Defendant and charged him with possession of cocaine with intent to distribute, illegal parking, failure to possess a driver's license, and resisting arrest. [Doc. No. 471]. As a result, the Government filed a petition seeking to revoke Defendant's supervised release. *Id.* The petition was later amended to reflect Defendant's July 15, 2002, arrest for taking contraband to/from a penal institution. [Doc. No. 525].

On August 20, 2012, after a hearing on the matter, the Court found that Defendant "committed a Grade B violation of his supervised release" by "committing the new offense of Taking contraband to/from [a] Penal Institution." [Doc. No. 526]. The Court then sentenced Defendant to eighteen (18) months of imprisonment. *Id.* Defendant did not appeal the Court's revocation of his term of supervised release or the sentence imposed.

Defendant filed the instant motion on December 17, 2014. [Doc. No. 547]. He claims that the Court erroneously and illegally enhanced the "theft of property" charge he received on July 15, 2002, to a felony. *Id.* He argues that the Court erred because "this [was] his first theft of property," that "the property wasn't worth $500.00," and that he "wasn't aware of the enhancement . . . ." *Id.* Essentially, from what the Court can surmise, when Defendant argues that the Court "illegally enhanced" the charge he received on July 15, 2002, he is claiming that the Court erred in classifying his "Taking Contraband to/from a Penal Institution" offense[1] as a Grade B violation of supervised release.

II. <u>**LAW AND ANALYSIS**</u>

Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in

---

[1] Defendant was not charged with theft of property on July 15, 2002; rather, on that date, he was charged with "Taking Contraband to/from a Penal Institution." *See* [Doc. No. 527].

2

violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995) (citation omitted). "Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *U.S. v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *see also United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

Here, Defendant's motion is solely premised on an alleged misapplication of the sentencing guidelines, which could have been raised on a direct appeal. This claim is not cognizable in a 2255 proceeding and is therefore denied.[2]

### III. CONCLUSION

For the reasons above, Defendant's motion to vacate, set aside, or correct sentence [Doc.

---

[2] The Court would note, further, that Defendant's supervised release was revoked on the basis of the new crime on July 9, 2012, but this motion was not filed until two and one-half years later, on December 17, 2014. Thus, on its face, Defendant's § 2255 motion is untimely. The Court recognizes, however, that Defendant could raise statutory or equitable tolling arguments and has, therefore, addressed his substantive claims.

No. 547] is **DENIED**.

MONROE, LOUISIANA, this 16th day of January, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE